## C. J. Clark, et al., v. David Enoch.

**City Council—Record as Evidence—Evidence.**

   The record of the proceedings of the city council is the best evidence of such proceedings, and parol proof cannot establish a fact required to be made a matter of record.

**Evidence.**

> Oral testimony is not admissible to show that which the city records
> state is not true.

APPEAL FROM LOUISVILLE CHANCERY COURT.

January 29, 1875.

OPINION BY JUDGE PRYOR:

The proceedings of the general council · ordering the work exe-
cuted by the appellee, are all regular and in accordance with the pro-
visions of the city charter; and the only ground of defense relied
on by the property-holders, that has been urged with any degree of
plausibility, is that the legislative records of the city, as originally
made, show that the contract declared on, or upon which the liability
of the appellants originated, was made with one William Terry, and
not with the appellee. In order to make out this defense one or more
witnesses are introduced, who say they inspected the records after
the contract is alleged to have been made; and from them it ap-
peared that the contract for the work done was made with Terry,
and approved as such by the council; that after the institution of the
action they again examined the record, and found the name of
Terry ·erased, and that of the appellee substituted. When this
change was made it does not satisfactorily appear; but it does appear
that the original contract was made with the appellee, and not with
Terry, this fact being evidenced by the exhibition of the contract
itself upon the hearing in the court below. If such an omission or
mistake was made, it was only a clerical error, and if corrected we
cannot see how the rights of appellants have been affected by it.

It is certain that the appellee made the improvement, and equally
so that the original contract was made with him; and the council, in
approving the contract, could not have approved it as made with
Terry, for the reason that no such contract, so far as appears from
this record, ever existed. It is insisted, however, that the record of
the city legislature is the best evidence of this fact, and in this
proposition we concur with counsel. If it appears from the record
that it was made with Terry the appellee cannot maintain this
action. The record, as exhibited, shows that the contract was made
with the appellee, and there is no evidence in the case to contradict
it. If the proceedings of the city council and the verity of its ordi-
nances is made to depend more upon the testimony of those who
have inspected the record than the record itself, there is but little

necessity for any legislative action, and no security for the rights of those based upon this high character of proof. It is recognized as a general rule of evidence that parol proof cannot be substituted to establish a fact that is required to be made a matter of record, and in this case the right of recovery (although the appellee may have done the work) is made to depend upon the action of the council of record, showing that they ordered the work and approved the contract; and without this character of proof the appellee would be without remedy against either the city or property holder.

When the appellee comes with this kind of evidence, his right, as is maintained by appellants, to recover of the property holder, although sustained by evidence of record, must yield to the secondary evidence consisting of the statements of those who have examined the records, and state that they have been altered by erasing the name of Terry and inserting that of appellee. No fraud is charged against the latter, but oral testimony was introduced to show that which the record states is not true. Such evidence, however creditable it may be, is clearly inadmissible to defeat the recovery in this case. The proof of Shanks shows that Eleventh street was marked out and opened; and if so, it is still a street, although obstructed. The evidence also conduces to show that notice was given the property holders as required by the city charter; that as some complained of not receiving notice, a second inspection of the work was made, and that the engineer or his assistant attended on each day. In regard to these issues of fact there is conflicting proof, and for this reason, if no other, this court will not disturb the judgment, and the same is now *affirmed.*

*Bullitt, Bullitt & Harris, Young & Boyle, for appellants.*
*Badger & Haritz, T. L. Bennett, for appellee.*

